# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-60261
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Decorie Deshun Bates,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CR-87-1

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Decorie Deshun Bates was convicted by a jury of possession of a firearm by a felon. The district court denied his motion for a new trial under Federal Rule of Criminal Procedure 33 in which he challenged the admission of audio recordings and related transcripts of phone calls to 911. He appeals

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60261

the denial of that motion. We review the district court's decision for an abuse of discretion. *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005).

Bates argues that the admission of evidence as to the 911 calls violated the Confrontation Clause. He maintains that the calls contained testimonial statements because the caller, with whom he had a domestic dispute, placed the calls for the purpose of having him arrested.

The evidence indicates that the caller made the 911 calls because Bates had a firearm at her residence, pulled it out during an argument, and resisted leaving the home. The caller discussed what was happening, described Bates, indicated that Bates fled from the home with the handgun, and detailed his location. In a follow-up call, the caller gave an update on Bates's whereabouts and indicated that he may have discarded the firearm in public. The operator asked for information concerning the situation, sought to understand how to respond, and primarily attempted to deal with the apparent crises.

The circumstances of the calls reflect that the caller's statements were not testimonial, and, therefore, the admission of evidence as to the calls did not violate the Confrontation Clause. *See Davis v. Washington*, 547 U.S. 813, 822, 826, 827 (2006); *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004). The evidence supports that the calls were made to enable police assistance to address an unfolding emergency. *See Davis*, 547 U.S. at 827; *United States v. Proctor*, 505 F.3d 366, 370-72 (5th Cir. 2007). The operator elicited answers to permit a resolution of the ongoing situation and to enable the police to be dispatched safely and with the appropriate information. *See Davis*, 547 U.S. at 827, 828. While the second call was made after Bates fled, the emergency had not been quelled because Bates either still had the firearm or disposed of it in public. *See Michigan v. Bryant*, 562 U.S. 344, 363 (2011); *Proctor*, 505 F.3d at 372. An objective review of the situation otherwise does not reflect that the caller's statements were procured with a primary aim of creating an

out-of-court substitute for testimony. *See Davis*, 547 U.S. at 822, 827, 828; *United States v. Polidore*, 690 F.3d 705, 717 (5th Cir. 2012). Even if the caller intended for the calls to result in an arrest or later prosecution, her subjective purpose is not relevant or dispositive. *See Bryant*, 562 U.S. at 360; *Polidore*, 690 F.3d at 718.

Bates also maintains that the recordings and related transcripts of the calls were inadmissible hearsay. He argues that the caller's statements were not a genuine account of her present-sense impressions or excited utterances given that she was acting principally to inculpate him.

Assuming that the evidence was admitted for the truth of the matter asserted therein, which seemingly is belied by the district court's instruction to the jury that the evidence was offered to provide context to the actions of the responding officers, *see United States v. Kizzee*, 877 F.3d 650, 659 (5th Cir. 2017), the record establishes that the evidence was excepted from the hearsay rule, *see* Fed. R. Evid. 801; Fed. R. Evid. 802. Because the caller gave details regarding an ongoing situation, discussed incidents that she witnessed or experienced and that she believed presented an imminent threat, and made the statements contemporaneously with or soon after she saw or experienced the events, the evidence fell within the present-sense impression exception. *See* Fed. R. Evid. 803(a); *Polidore*, 690 F.3d at 720. The excited-utterance exception also applies because the phone calls were made while the caller was under the stress of the excitement caused by her interactions and experiences with Bates and offered details as to the startling events. *See* Fed. R. Evid. 803(2).

Therefore, the district court did not abuse its discretion in denying a new trial. *See Arnold*, 416 F.3d at 360. The judgment of the district court is AFFIRMED.